United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 10, 2005**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 03-11333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

ANTHONY LEE AARON,

Defendant-Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(USDC No. 1:03-CR-29-1)

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

On February 28, 2005, the Supreme Court granted Aaron's petition for a writ of certiorari, vacated the prior judgment of this court, and remanded this appeal to this court for "consideration in light of *United States v. Booker*, 543 U.S.___ [, 125 S. Ct. 738] (2005)." In its remand order the Supreme Court did

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

not specify which of the two majority opinions set forth in <u>Booker</u> was the basis for its remand decision. The Supreme Court did make clear in its **Booker** decision that both opinions would be applicable to all cases pending on direct review or not yet final as of January 12, 2005. *See* **Booker**, 125 S. Ct. at 769 (citing **Griffith v. Kentucky**, 479 U.S. 314, 328 (1987)). Aaron's appeal satisfies those conditions.

In his original appeal to this court, Aaron claimed only one ground of error:

> Whether the district court erred by failing to apply Application Note 4, U.S.S.G. § 2B5.1, that is, the exception to the base offense level 15 for manufacturing counterfeit obligations when the items are "so obviously counterfeit that they are not likely to be passed."

Nothing in **Booker** addresses this claim of error, and Aaron failed to object in the district court on either of the grounds addressed in **Booker**, i.e., (i) a Sixth Amendment violation resulting from an enhancement of a sentence based on facts (other than a prior conviction) found by the sentencing judge, which were not admitted by the defendant or found by the jury; or (ii) that the Sentencing Guidelines were unconstitutional because they were mandatory and not advisory. Consequently, we review for plain error. FED.R.CRIM.P. 52(b); **United States v. Mares**, 402 F.3d 511 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04-9517). Because the district court did not enhance Aaron's sentence on the

basis of any facts found solely by the court, we conclude that *Booker*'s Sixth Amendment holding is not applicable to this case. However, under the *Booker* holding that changes the Guidelines from mandatory to advisory, there is error in this case because the district court viewed and acted under the Sentencing Guidelines as mandatory and not discretionary. Applying our plain error analysis, we conclude: (1) there was error because the district court operated under a mandatory scheme and not an advisory scheme; and (2) such error is now plain under *Johnson v. United States*, 520 U.S. 461, 468 (1997)(holding it is enough that error be plain at the time of appellate review). However, under the third prong of our plain error methodology, i.e., whether the error affects substantial rights, it is Aaron's burden to show that, but for the error of acting on the premise that the Guidelines are mandatory and not advisory, the district court would have made a different decision. *Mares*, 402 F.3d at 521-22. In *Mares* we said that "the pertinent question is whether [the defendant] demonstrated that the sentencing judgeSSsentencing under an advisory scheme rather than a mandatory oneSSwould have reached a significantly different result." *Id.* at 521. That is, the plain error standard places the

> burden of proof [on the defendant] and re-
> quires "the defendant to show that the error
> actually did make a difference: if it is
> equally plausible that the error worked in
> favor of the defense, the defendant loses; if
> the effect of the error is uncertain so that
> we do not know which, if either, side it
> helped the defendant loses."

*Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005)).

In fact, the record affirmatively supports a contrary proposition that the district court, if given the opportunity to treat the Guidelines as discretionary only, would likely have imposed the same sentence because the court expressly denied Aaron's objection to the PSR on the grounds that it did not consider Application Note 4 of the commentary to Guideline § 2B5.1(a) and (b); and the court therefore implicitly ruled that the counterfeit items passed by Aaron were not "so obviously counterfeit that they are not likely to be passed." The district court's remarks at sentencing demonstrate that the court also considered the objectives of sentencing identified in subsections (A)-(D) of 18 U.S.C. § 3553(a)(2). Accordingly, we determine that Aaron has failed to satisfy the third prong of our plain error analysis, i.e., that the sentence imposed by the district court violated his substantial rights.

We conclude, therefore, that nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the trial court. AFFIRMED.